## Graham's Estate (No. 2).

Argued Jan. 15, 1907. Reargued April 1, 1907. Appeal, No. 269, Jan. T., 1906, by Maria Elizabeth Graham, Executrix of the will of David Graham, Jr., deceased, from decree of O. C. Phila. Co., April T., 1896, No. 239, dismissing exceptions to auditor's report in Estate of David Graham, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

*Trusts and trustees—Account—Order to pay—Practice, O. C.—Decree.*

An order upon the personal representatives of a decedent to pay in advance of any statement of account cannot be made by the orphans' court as such an order would be in disregard of the equal rights of other possible creditors of equal standing.

Where a decree of the orphans' court sustaining the liability of a deceased trustee's estate for a loss of trust funds, has been reversed, a subsequent decree directing the representatives of the deceased trustee to pay over the award against them to the petitioning claimant, falls as a matter of course with the reversal of the previous decree.

Argued Jan. 15, 1907. Reargued April 1, 1907. Appeal, No. 14, Jan. T., 1907, by Frank D. Graham and John D. Ford, Executors of and Trustees under the will of David Young, deceased, from decree of O. C. Phila. Co., April T., 1896, No. 239, dismissing exceptions to auditor's report in Estate of David Graham, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Petition for order to pay.

The petition for an order to pay was presented to the orphans' court on July 19, 1906, by the Commonwealth Title Insurance and Trust Company, administrator d. b. n. c. t. a. of David Graham, deceased, setting forth that by the report of the auditor appointed by the court to state an account of David Young and David Graham, Jr., executors and trustees under the will of David Graham, deceased, confirmed by the court on July 17, 1906, there was found to be due by David Young, deceased, as executor and trustee, $216,107.66, and awarded to the said petitioner; that no part of the said sum had been paid by the estate of David Young, and prayed for an order on Frank D. Graham and John D. Ford, executors of, and trustees under, the last will of David Young, deceased, · directing them to pay the said sum of $216,107.66 to said petitioner, whereupon on the same day the court entered a decree directing said Frank D. Graham and John D. Ford, executors and trustees, as aforesaid, to pay the said sum found due in the estate of David Graham, deceased.

*Error assigned* was the decree of the court.

*John G. Johnson*, with him *H. S. P. Nichols*, for appellant.

*Henry Budd*, with him *Robert H. McGrath*, for appellees.

OPINION BY MR. JUSTICE STEWART, May 27, 1907:

The appeal of these same parties to No. 14, January Term, 1907, ante, p. 344, just decided, having been sustained, and the decree of the court in that case having been set aside, the order complained of in this appeal requiring the balance on the account instructed by the auditor to be paid over to the administrators d. b. n. c. t. a. of David Young, deceased, necessarily falls with the decree. There is, therefore, no occasion for present discussion of the question here sought to be raised. It is sufficient to say that because of manifest error in the order the appeal must be sustained. Had the original decree confirming the auditor's report stood, the only proper way of enforcing liability thereunder would have been to require an account by the legal representatives of David Young deceased,

so that the parties claiming under the decree could obtain such award as they might be entitled to in the distribution of the estate. An order to pay in advance of any statement of account would be in disregard of the equal rights of other possible creditors of equal standing. Appeal sustained, and the order and decree of the court below reversed.